UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE POLITTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV02100 AGF/DDN |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Currently before the Court is the Report and Recommendation of the Magistrate Judge to whom this matter was referred for recommended disposition pursuant to 28 U.S.C. § 636(b). On September 20, 2013, the Magistrate Judge filed a Report and Recommendation, recommending that the Court reverse the decision of the Administrative Law Judge to deny Plaintiff's application for supplemental security income under Title XVI of the Social Security Act and remand the case for further proceedings. The Magistrate Judge recommended that, on remand, the Commissioner should be ordered to consider controlling all of Dr. Syed Raza's findings and opinions, including the unpredictable nature of bipolar disorder.

Upon careful consideration of the Report and Recommendation and the record in this case, the Court concurs with the Magistrate Judge's analysis of the evidence and agrees that the decision of the Commissioner should be reversed. The practical result of giving Dr. Raza's decision controlling weight would be a finding, based upon the

testimony of the vocational expert at the evidentiary hearing held on January 11, 2012, that Plaintiff is disabled. The Court sees no reason to prolong the case, which has already been remanded once, and believes that Plaintiff's request for an order directing the Commissioner to award her benefits on remand should be granted. *See, e.g., Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009) (explaining that reversal and remand for an immediate award of benefits is the appropriate remedy where the record overwhelmingly supports a finding of disability (citing *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984) ("Where further hearings would merely delay receipt of benefits, an order granting benefits is appropriate."))).

The Court rejects the Commissioner's position that if the decision to deny benefits is to be reversed, the Court should remand the case for further proceedings rather than for an award of benefits.[1] The Court believes that the Commissioner's argument in this regard is based on an incomplete reading of the evidence before the Administrative Law Judge ("ALJ") prior to the first remand in this case. Reviewing that evidence, including the testimony of the vocational expert at the August 26, 2008 evidentiary hearing and Dr. Reza's post-hearing letter in response to an inquiry by the ALJ, the Court remains convinced that remand with instructions to award benefits is the correct course of action in this case.

Accordingly,

---

[1] Neither party objected to the Magistrate Judge's R&R. The Court advised the Commissioner of its intent to remand the case with direction to award benefits and afforded the Commissioner the opportunity to respond.

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein except that the case will be remanded with directions to award Plaintiff benefits.

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act is **REVERSED** and this case is **REMANDED** with directions to award Plaintiff benefits.

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2013.